## Myers *against* Drake.

The relation of buyer and seller is not a confidential one; and each party is supposed to judge of his own ability to perform his part for himself. In an action for a breach of a contract, the declarations of the plaintiff, that he knew at the time of making it that the article contracted for could not be procured, cannot be given in evidence in mitigation of damages.

ERROR to the common pleas of *Luzerne* county.

John Myers against Charles B. Drake. On the 4th September 1838, the defendant contracted with the plaintiff to deliver to him 100 bushels of clover seed by the 1st of February following, for 800 dollars. The defendant did not perform his contract, and on the trial of this action upon it, the defendant offered to prove "the declarations of the plaintiff immediately after the contract was entered into, that he did not expect that the defendant would deliver the seed, for that he had received information that the clover seed could not be had, and knew it at the time the contract was made, and that the witness communicated this information to the defendant.

The court (Jessup, president) overruled the evidence and sealed a bill of exceptions.

The jury found a verdict for the plaintiff for 625 dollars 33 cents.

*Butler*, for plaintiff in error.
*Woodward*, for defendant in error.

PER CURIAM.—The evidence was offered in mitigation of damages, and properly rejected. There is a settled rule of compensation in every case like the present, which the unconscionableness of the bargain ought not to be suffered to disturb. There even was nothing unconscionable in making a bargain which the party supposed the other could not fulfil except at a sacrifice. The relation of buyer and seller is not a confidential one; and each of the parties is supposed to judge of his ability to perform his part for himself. A contract to perform an impossible thing may be void; but it never is impossible to procure and deliver an article of commerce which may be had in the market in some quarter of the

world.   The evidence was offered, however, not to avoid the contract, but to reduce the damages for a breach of it; and the hardness of the bargain ought not to have that effect.

Judgment affirmed.