## Rockafellow *versus* Baker.

*Rescission in Equity of Contracts for false or fraudulent Representations.*

1. An executory contract in which there has been a total failure of consideration will not be enforced either at law or in equity: but when the contract is executed, a court of equity will not interpose to rescind it except for fraud or palpable mistake.

2. But where the buyer of an article, which he finds in market, has a full opportunity to examine it, and the means of information relative to facts and circumstances affecting the value of the commodity are equally accessible to buyer and seller, there being no warranty and no concealment by the seller of facts which he was bound to communicate, a mere false assertion of value is not a fraud or mistake in the legal sense of those terms.

3. B. having invented and obtained a patent for an "improved bedstead fastening," made an assignment of it to R. for two states, in consideration of which R. conveyed to him two town lots: failing to sell the patent, R. tendered a reconveyance of the patent and demanded his lots, and upon B.'s refusal to accept or reconvey, filed a bill in equity for the cancellation of his deed for the lots, and proved B.'s declarations as to the value of his invention as made to others but not as made to him; also, that B. did not use it on beds made by himself in his business as a cabinet-maker; also alleging, that he, R., had been deceived by false representations contained in the specifications and patent. The court below dismissed the bill: *Held*, that as B.'s commendations of the invention were not used to deceive the purchaser, and as they were not such, whether expressed, or implied from the patent and specifications, as would entrap a reasonably prudent man into the purchase of a worthless article, there were no grounds for the interference of a court of equity, and that there was no error in the decree of the court below.

CERTIORARI to the Common Pleas of *Crawford county.*

This was an appeal by John Rockafellow from the decree of the court below dismissing a bill in equity which had been filed by him against George W. Baker, praying for an injunction to restrain the respondent from selling, assigning, or transferring two lots of ground in the borough of Cochranton, which had been conveyed to him by complainant in consideration of the transfer of a patent right for an "improved bedstead fastening" for the states of New York and Michigan; which complainant averred was not an improvement, as had been falsely and fraudulently represented with intention to cheat the complainant.

An examiner was appointed, by whom the testimony was reported, and the case heard in the court below upon the bill, answer, replication, testimony, and report of the examiner.

The court (BROWN, P. J.), on argument, refused the relief prayed for, and directed the bill to be dismissed at the costs of complainant. Whereupon this appeal was taken.

The material facts of the case are fully stated in the opinion of this court.

The case was argued in this court at great length by *S. New-*

[Rockafellow *v.* Baker.]

*ton Pettis Silvester* for appellant, and by *G. Church* for the appellee.

The opinion of the court was delivered, January 27th 1862, by WOODWARD, J.—Baker, a cabinet-maker, having invented and obtained a patent for an " improved bedstead fastening," sold to Rockafellow, the plaintiff, an assignment of the patent for the states of New York and Michigan, in consideration whereof Rockafellow conveyed by deed to said Baker in fee two lots in the borough of Cochranton, Crawford county. After making unsuccessful efforts to dispose of his patent within the territory of the two states named, Rockafellow tendered a reconveyance of it to Baker, and demanded back his lots. Baker refused to accept return of the patent right or to reconvey the lots, and thereupon Rockafellow filed this bill in equity, praying that his deed to Baker may be cancelled and the lots restored to him.

The grounds on which the bill is founded are the fraudulent representations of Baker, but the testimony failed to show that he made any false representations to Rockafellow which induced the purchase. He declared to the hands in his shop and to others that he believed the bedstead fastening " a good thing"—" a first-rate thing as he believed," and a " valuable improvement," but there was no evidence that he ever expressed such opinions to Rockafellow. It is insisted, however, that the plaintiff was deceived by the false representations contained in the specification and patent. In the first of these documents Baker claimed to have invented a new and " improved bedstead fastening," and in the patent it is recited that he had invented " a new and useful improved bedstead fastening." The plaintiff alleged that it was neither a new nor useful improvement, and it was shown that Baker did not use it himself in building bedsteads, and that it was not a useful improvement.

No doubt the thing was worthless. No doubt the plaintiff parted with his property most foolishly. If the suit were upon an executory contract we would not enforce it. The total failure of consideration would be a sufficient reason. And such ruling would be according to the doctrine of Bellas *v.* Hays, 5 S. & R. 427, Geiger *v.* Cook, 3 W. & S. 266, and numerous other cases cited in the argument. But the contract is not executory. It has been fully executed by the parties. They ask no aid of equity to enforce it. Our interposition is invoked, not to carry out and accomplish what the parties have begun, but to undo what the parties have accomplished.

How narrow the grounds are upon which a court of equity will interpose for such a purpose, and how cautious and reluctant its steps will be in that direction, were fully shown in Graham *v.* Pan-

[Rockafellow v. Baker.]

coast, 6 Casey 97, and Nace v. Boyer, Id. 109. Nothing but fraud or palpable mistake is ground for rescinding an executed contract. But there is neither fraud nor mistake in the legal sense of these terms, when a buyer of an article which he finds in market has a full opportunity to examine it, and when the means of information relative to facts and circumstances affecting the value of the commodity are equally accessible to both parties. There is no confidence between buyer and seller, unless a warranty be demanded and given. They deal at arms' length. They use not each other's eyes, but each his own. The seller is allowed to express freely his opinions of the value of his wares—the buyer is at equal liberty to answer that it is naught. If there be an intentional concealment or suppression by either party of material facts which he is bound to communicate to the other, there is fraud; but neither party is bound to communicate that which is equally accessible to both. The state of the markets, the present and prospective value of a particular commodity, are among the things which are alike open to both buyer and seller, and neither is bound to instruct the other: Myers v. Drake, 10 Watts 110. A mere false assertion of value, when no warranty is intended, is no ground of relief to a purchaser, because the assertion is matter of opinion which does not necessarily imply knowledge, and in which men may differ. Every person reposes at his peril in the opinion of others, when he has equal opportunity to form and exercise his own judgment. *Simplex commendatio non obligat:* 2 Kent's Com. 633.

Baker's commendations of his invention, whether expressed to his neighbours or implied from the terms of his application and patent, were not such as to entrap a reasonably prudent man into the purchase of a worthless article, nor were they employed with intent to deceive the plaintiff. He bought with his eyes wide open, and upon his own judgment, and he paid voluntarily for what he bought. It is no part of the duty of a court of equity to relieve a purchaser from a foolish bargain after it has been fairly consummated.

The decree is affirmed.