# THE SUPREME COURT

OF

# PENNSYLVANIA.

216
e224    1391

216    1
226    149

## Luther *v.* Luther, Appellant.

*Equity—Equity pleading—Equity practice.*

The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs. Every fact essential to entitle a plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proofs of matters not alleged can be made a basis for equitable relief.

A decree declaring one of the defendants a trustee of real estate for the benefit of the complainant cannot be sustained where the only prayer of the bill was for a decree of specific performance against another defendant and the averments of the bill show that this was the only relief sought.

Argued April 17, 1906. Appeal, No. 112, Jan. T., 1906, by F. O. Luther, from decree of C. P. Blair Co., Equity Docket C No. 455, on bill in equity in case of Louisa Luther, widow of Chrysostom Luther, deceased, v. The Standard Building and Loan Association and F. O. Luther and J. W. Luther, heirs of Chrysostom Luther, deceased. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for specific performance. Before BELL, P. J.

The complainant in her bill alleged in substance as follows:

That her husband, Chrysostom Luther, was on April 29, 1893, and prior thereto, the owner of a tract of land, situate in Carroll township, Cambria county, Pennsylvania, containing about

VOL. CCXVI—1                                    (1)

168 acres; that on April 29, 1893, the said Chrysostom Luther obtained a loan from the Standard Building and Loan Association, of Altoona, one of the defendants, of $3,400, giving a mortgage upon the said land to secure the payment of the same.

That on April 15, 1893, the said Chrysostom Luther made a deed to F. O. Luther, his younger son, one of the defendants, and the appellant in this case, for about eighty-three acres of the said land.

That on March 10, 1895, the said Chrysostom Luther, for the consideration of $3,400, conveyed the remaining portion of the said land, which was about eighty-five acres, to the said Standard Building and Loan Association, of Altoona, and cotemporaneous with the said deed a lease was entered into between the said Standard Building and Loan Association, of the first part, and the said Chrysostom Luther, of the second part, wherein the party of the first part leased to the party of the second part the said land for a period of three years, at a monthly rental, with the option given to the said Chrysostom Luther of purchasing the said property at any time during the period of the said lease, by paying to the said association the amount of money it had in the said land, together with interest thereon. That the said Chrysostom Luther died in October, 1897, without having exercised the right of said option and without having paid the rent in full.

That after the death of the said Chrysostom Luther the lease and option to purchase expired, and that the same was renewed by a parol agreement between Louisa Luther, plaintiff, and the said Standard Building and Loan Association upon the same terms excepting as to the duration of the lease and the option to purchase. Under said agreement the plaintiff then and there took possession, paid the taxes and paid the rental in the sum of $1,000 to the said association.

That on November 29, 1902, the said association sent a letter, by its solicitor, George B. Bowers, Esq., to the plaintiff, requiring her to elect or refuse the property under the terms of the said option, and giving her until December 6, 1902, to make a cash payment upon the same, and to pay the balance not later than thirty days.

That in pursuance of the said requirements in the said letter,

the plaintiff, on December 6, 1902, tendered a cash payment of $50.00 to the said association and offered to pay the balance within thirty days, with interest; that on January 3, 1903, the plaintiff tendered the said association the sum of $3,825, being consideration in full for the said premises, which was refused by the said association.

The plaintiff prayed relief as follows:

1. That the specific performance of the contract of purchase and sale be decreed.

2. That the defendant association be ordered and decreed to execute and deliver to the plaintiff, her heirs and assigns, a good and sufficient deed, clear of encumbrance, for the messuage and tract of land.

3. That the defendant association be enjoined and restrained from making a deed for the said premises to any other party.

4. That such other and further relief be granted as justice and equity may require.

5. That the costs be decreed to be paid by the defendant association.

The Standard Building and Loan Association and F. O. Luther filed a joint answer to the plaintiff's bill, the substance of which is as follows:

The defendants admitted the ownership of the said land by the said Chrysostom Luther, the mortgage from the said Chrysostom Luther to the said building association, on April 29, 1893; the conveyance of the eighty-three acres of said land by the said Chrysostom Luther to F. O. Luther on April 15, 1893; the conveyance of the remaining portion of the said land by Chrysostom Luther to the said building association by deed dated March 10, 1895; and the execution of a lease by the building association to the said Chrysostom Luther for the said remaining portion and the option given the said Chrysostom Luther to purchase the same at any time within the period of the lease, to wit: three years. The defendants admitted that the lease and option to purchase which the said Chrysostom Luther had with the said building association had expired; but they denied any parol agreement between the plaintiff, Louisa Luther, and the said association as to the renewal of the said lease and option to her; also, that, while the plaintiff had lived on the land for a number of years after the death of her

husband, she only paid a small portion of the rental due to the association for the said land.

The defendants further answered that the said building and loan association was the absolute owner of the said land, and that on November 20, 1902, F. O Luther came to the city of Altoona and called upon George B. Bowers, Esq., solicitor for the said association, and inquired about the purchase of the land from the said association. That the said Bowers subsequently, acting under the misapprehension that the purchase was to be made by Louisa Luther, reported to the association that she, Louisa Luther, desired to buy a farm, and had offered to pay the association the amount of money they had in the farm, whereupon, on November 27, 1902, the said association agreed to sell the same for the amount they had in the farm, to wit: $3,819.98. That the said Bowers, still acting, also being unacquainted with the post office address of F. O. Luther was as agent for and on behalf of Louisa Luther, and also being unacquainted with the post office address of F. O. Luther, at the time, wrote to the said Louisa Luther on November 29, 1902, a letter stating that the association would sell the premises to her for the amount the said association had in it, giving her until December 6, 1902, to make a cash payment, and thirty days thereafter to pay the balance. That subsequently, and before the said letter reached the said Louisa Luther, F. O. Luther again came to the city of Altoona and notified the said Bowers that he, F. O. Luther, was negotiating for himself for the purchase of the land. Whereupon the said Bowers, at a subsequent meeting of the board of directors of the said association, explained that F. O. Luther was negotiating for the purchase of the land for himself, and that the association, on December 3, 1902, passed a resolution selling the said land to the said F. O. Luther ; and that he, the said F. O. Luther, on December 3, 1902, paid $500 of the consideration for the said property, and on December 5, 1902, paid the consideration in full.

John W. Luther filed a paper of record assigning any supposed interest he had to the plaintiff.

The court entered the following final decree:

On March 3, 1906, this matter came on for hearing on ex-

ceptions filed to the opinion in the nature of a report of a master and was argued by counsel. And now, March 5, 1906, after due consideration said exceptions are hereby overruled except in the two particulars hereinbefore specified, and it is hereby ordered, adjudged and decreed that, if Mrs. Louisa Luther or John W. Luther comply with the requirements of this decree as to reimbursing F. O. Luther for their proper proportion of the purchase money paid to the said Standard Building and Loan Association, F. O. Luther shall hold the land purchased by him from the said association, consisting of 168 acres, seventy-seven perches, less eighty-three acres and fifty-five perches sold by Chrysostom Luther to F. O. Luther by deed dated April 15, 1893, as trustee for the widow and heirs of Chrysostom Luther, just as if Chrysostom Luther had died seized of said land intestate, and the same had descended under the intestate laws. Such trusteeship, however, to be conditioned upon Mrs. Louisa Luther and John W. Luther on or before May 1, 1906, or if an appeal is taken within thirty days after final decree, reimbursing F. O. Luther for the proportionate amount of purchase money paid by him for the shares or interest in the property other than his own. In case a sale or disposition of said property is made the purchase money so paid by the respective parties, with interest, remains an excess then Mrs. Louisa Luther to be just paid out of said excess the sum of $908.92, with interest from this date. The balance, if any, of said excess to be distributed in accordance with the intestate laws; one-third to be invested for the benefit of the widow, Mrs. Luther, during her life; the remainder to be equally divided between F. O. Luther and John W. Luther. F. O. Luther to pay the costs of this case.

*Error assigned* amongst others was the decree of the court.

*R. A. Henderson* and *Thomas H. Greevy*, for appellant.—The mere relationship, of itself, sustained by one with his mother and brother is not sufficient to constitute him a trustee for them in the purchase of land by him from a third party, on which the mother was a tenant: Kyle v. Wills, 166 Ill. 501 (46 N. E. Repr. 1121); Evans v. McKee, 152 Pa. 89; Baker v. Baker, 22 Minn. 262; Hamilton v. Buchanan, 112 N. Car. 463 (17 S. E. Repr. 159).

To create a fiduciary relation between two or more persons, such as would constitute one a constructive trustee for the others in the purchase of property from a third person, it is necessary that there be something more than the mere reposing of confidence on the one side. There must also be an assent, express or implied, of the person in whom the confidence is reposed, to act in a fiduciary capacity towards the person who confides in him: Fletcher v. Bartlett, 157 Mass. 113 (31 N. E. Repr. 760); Lewis v. Ziegler, 105 Mo. 604 (16 S. W. Repr. 862); Pickler v. Pickler, 180 Ill. 168 (54 N. E. Repr. 311).

To entitle a person to a decree against another constituting the other a constructive trustee, it is necessary for the person instituting the action to tender the consideration and thus put the other party in statu quo: Lyle v. Shay, 165 Pa. 637; Holtz v. Borgmann, 6 Pa. Dist. Rep. 217; Walker v. France, 112 Pa. 203; Bird's Appeal, 91 Pa. 68; Nulton's App., 103 Pa. 286.

The relief afforded by the decree must conform to the case made out by the pleadings: Thompson's Appeal, 126 Pa. 367; Railroad Co. v. Railroad Co., 160 Pa. 277; Traction Co. v. Canal Co., 1 Pa. Superior Ct. 409; Edwards v. Brightly, 19 Phila. 251; Horton's Appeal, 13 Pa. 67.

The decree must conform with the theory of the bill: Cox v. Esteb, 68 Mo. 110; Vasquez v. Ewing, 24 Mo. 31; Marshman v. Conklin, 21 N. J. Eq. 546; Howard v. Jones, 40 N. C. 75; Rejall v. Greenhood, 92 Fed. Repr. 945; 35 C. C. A. 97; Francis v. Bertrand, 26 N. J. Eq. 213; Walker v. Hill, 27 N. J. Eq. 191.

The relief granted must conform to the prayer of the bill, and cannot extend beyond that prayer: Potter v. Hoppin, 10 Phila. 396; Passyunk Building Association's Appeal, 83 Pa. 441; Del. & Hudson Canal Co. v. Coal Co., 21 Pa. 131; Thomas v. Ellmaker, 1 Clarke, 502.

The relief to be granted under the general prayer must not only be consistent with the specific relief demanded, but must be sustained by the case made by the bill: Del. & Hudson Canal Co. v. Coal Co., 21 Pa. 131.

*E. H. Flick* and *W. I. Woodcock*, with them *H. C. Madden*, for appellee.

OPINION BY MR. JUSTICE BROWN, June 27, 1906:

The court below has found as a fact, under evidence to sustain the finding, that the appellant procured by artifice and deception the signature of his mother to the letter of December 5, 1902, addressed to the Standard Building and Loan Association of Altoona, and he could not, therefore, complain of this decree, if there were a proper bill to support it and it conformed to the prayer for relief.

The deception found to have been practiced by the son upon his mother was of a negative character, but it was not, for that reason, less potential in inducing her to sign the letter. He knew she had been struggling to regain the property, with the assistance and under the advice of her brother, E. H. Flick, Esq., a member of the Blair county bar. When he presented the letter to her she asked him whether he had seen his Uncle Ed., to which, he admits, he replied that he had. He must have understood from her question that she wished to be assured that her brother knew all about the transaction and would approve her signing the letter, and he must have known that she would not have signed it without such approval. By his reply he must have intended to convey the very impression that was made upon her mind, that her brother knew what she was about to do, and sanctioned it. If he had told her just what had occurred between him and his uncle, according to the latter's testimony, it is not to be doubted that she would not have signed the paper; and so of what was said by him about his brother John, which was intended to convey the impression that he, the only other person interested in the farm, was satisfied. On the cross-examination of the appellant, after his admission that he had never said anything to his mother about his intention to buy the property, though living near her, he gave the following reason for not having done so: "I knew it wouldn't get cold until Uncle Ed. and John would know about it, and they would try to cut me out." Knowing that they both would oppose his acquisition of the property, and that his mother would not consent to it without the advice of her brother, he artfully led her to believe that what he asked her to do had the sanction of his uncle. With much force she said in her testimony that, while he had not said anything dishonest to her that day, "He did it; he said he saw his Uncle Ed.,

and that he and John were better friends than ever." By not telling the whole truth and withholding from her what she most desired to know, the artifice and deception were practiced upon her.

But this proceeding was not to have the appellant declared a trustee, and the decree made is foreign to the relief prayed for. The bill is against the Standard Building and Loan Association as the principal defendant, and a decree is asked for against it that it be ordered and decreed to execute and deliver to the plaintiff, her heirs and assigns, a good and sufficient deed, clear of encumbrance, for the tract of land in controversy. There is no allegation of any kind against the appellant and no decree is asked for against him. The decree for specific performance against the association was refused, because the court found, on evidence justifying the findings, that there never was any parol contract for the sale of the land to the appellee made by the association, or by any person authorized to make a parol contract with her; that she was not living on the land at the time the alleged parol contract for the sale of the same to her was made; that she never took possession of the same in pursuance of the alleged parol contract; that the constructive possession had by her prior to said alleged parol contract was in nowise changed by the same; that none of the purchase money was paid by her in pursuance of the said alleged contract, nor were any such improvements made upon the premises as could not be reasonably compensated in damages. The legal conclusions of the learned judge were that, even if there had been such a parol contract as was alleged by the plaintiff, it was within the statute of frauds, and neither she nor any of the heirs of Chrysostom Luther had any legal right to redeem the property in question. But, instead of dismissing the bill, a decree not asked for, and which could not have been asked for under the allegations of the bill, was made against the appellant, adjudging him to be a trustee for the widow and heirs of Chrysostom Luther of the land in controversy, " just as if said Chrysostom Luther had died seized of said land intestate, and the same had descended under the intestate laws." No such question was raised by the bill and no such decree as was made was asked for. It was utterly foreign to the relief

sought. In a proper proceeding the question of the appellant's trusteeship of the property which he has purchased but to which he has not yet acquired the legal title, may be raised, and the relief which the court below would grant to the appellee may be awarded to her, if she wishes it.

The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs. Every fact essential to entitle a plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proof of matters not alleged can be made a basis for equitable relief. Relief cannot be granted for matters not alleged: 16 Cyclopedia of Law and Procedure, 483. Neither allegations without proof nor proof without allegations, nor allegations and proof which do not substantially correspond, will entitle complainant to relief, unless the defect be remedied by amendment: 1 Daniel's Ch. (6th ed.), 361, note. A complainant can be afforded such relief only as he is entitled to under the allegations of the bill: Marshman v. Conklin, 21 N. J. Eq. 546. The order or decree of a court of chancery should conform to the prayer in the bill: Horton's Appeal, 13 Pa. 67. A master who finds that there is nothing in the testimony to sustain a bill as it is filed, should report a decree dismissing it: Morio's Appeal, 4 Pennypacker, 398. Every averment necessary to entitle a plaintiff in equity to the relief sought must be contained in the stating part of the bill: Thompson's Appeal, 126 Pa. 367; Pa. S. V. Railroad Co. v. P. & R. Railroad Co., 160 Pa. 277. Authorities need not be multiplied in support of the rule that the relief afforded by the decree must conform to the case as made out by the pleadings, and that it must be consistent with the relief prayed for. Applying this rule to the decree before us, it cannot be affirmed. The twenty-second, twenty-third, twenty-fourth and twenty-fifth assignments are sustained. The decree is reversed and the bill dismissed, the costs on this appeal and below to be paid by the appellee.