# Rittenhouse, Appellant, *v.* Newhard.

*Equity—Injunction—Failure to establish matter alleged.*

1. A bill in equity for an injunction to restrain the defendant from shutting off the flow of water in a pipe is properly dismissed where there is a failure to establish the agreement between the plaintiff and defendant for the maintenance of the supply on which the right to equitable relief was based.

*Equity—Equitable relief—Matter not alleged.*

2. Where the right to the equitable relief prayed for in a bill in equity is based upon an agreement between the parties, which agreement was not proven, a contention that the bill should be sustained on the grounds of ratification and estoppel is without merit where such grounds are not averred in the bill. Relief cannot be granted for matter not alleged.

Argued April 11, 1911. Appeal, No. 303, Jan. T., 1911, by plaintiffs, from decree of C. P. Columbia Co., Sept. T.,

434    RITTENHOUSE, Appellant, *v.* NEWHARD.

1906, No. 2, dismissing bill in equity in case of Tillmon Rittenhouse et al. v. Peter H. Newhard. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before EVANS, P. J.
The opinion of the Supreme Court states the case.

A preliminary injunction was issued which was subsequently dissolved and the bill dismissed.

*Error assigned* was the decree of the court.

*Fred Ikeler,* for appellants.

*Grant Herring,* with him *W. E. Elmes,* for appellee.

PER CURIAM, July 6, 1911:
This bill was for an injunction to restrain the defendant from shutting off the flow of water in a pipe that extended from a spring on his land to the land of an adjoining owner, and thence to the plaintiffs' properties in a village near by. The rights claimed by the plaintiffs were based on the allegation that a verbal agreement had been made between them and the defendant for the construction and maintenance of the line of pipe. This allegation was not sustained by proof.

The material findings of fact are that prior to 1888 the water from a spring on the defendant's land ran in an open channel some 1,500 feet in length to the property of the Mountain Grove Camp Meeting Association where it was collected in a small reservoir for the use of the association. From that reservoir, a pipe extended to the houses of the plaintiffs. In 1888, the association wishing to obtain a purer supply of water, entered into a verbal agreement with the defendant by which it was permitted to enter on his land and dig a ditch and lay a pipe from the spring to the line of its property and it agreed to lay a branch pipe from the main line on defendant's land to his

buildings and to provide a hydrant and keep it in repair. This agreement was to last as long as the association continued to hold camp meetings on its land and no longer. The association purchased the materials necessary and subsequently entered into an agreement with the plaintiffs under which they assisted in the installation and maintenance of the pipes and hydrant. To this agreement the defendant was not a party, and he had no knowledge of it at the time it was made. The association was dissolved and went out of existence in 1901.

The bill was properly dismissed because of the failure to establish the agreement on which the right to equitable relief was based. The contention that the bill should have been sustained on the grounds of ratification and estoppel is without merit. There was proof of neither, nor of any facts from which either would arise. But if there had been proof, the bill could not have been sustained. Relief cannot be granted for matter not alleged: Luther v. Luther, 216 Pa. 1.

The decree is affirmed at the cost of the appellant.