## Thomas et al. *v.* Cohen et al., Appellants.

*Contract—Sale—Sale by inspection at point of delivery—Evidence.*

In an action for tomatoes sold and delivered, where defendants allege defects shown by inspection on arrival at destination, but their own witness and agent testifies he had inspected them at the point of shipment, and they were satisfactory, the court is justified in holding, as a matter of law, that the sale was on inspection at the point of shipment, and that acceptance completed the transaction.

Argued October 11, 1922. Appeal, No. 55, Oct. T., 1922, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 405, on verdict for plaintiffs, in case of R. B. Thomas et al., doing business as R. B. Thomas & Co. v. I. Cohen et al., doing business as I. Cohen & Sons. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict by direction for plaintiffs for $3,021.29 and judgment thereon. Defendants appealed.

*Error assigned,* inter alia, was direction for plaintiffs, quoting record.

*L. S. Levin,* for appellants.—Defendants contend they had a perfect right to show the condition and quality of the tomatoes immediately on their arrival at Pittsburgh,

for the reason that the condition and quality of the tomatoes when they were received was evidence of their condition and quality at the time of their shipment: Mette & Kann Distilling Co. v. Lowrey, 39 Mont. 124; Keeling Ester Co. v. Dunning & Co., 113 Me. 34; Fogel v. Brubaker, 122 Pa. 7.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellees.— The trial judge properly excluded testimony of the condition of the tomatoes on their arrival in Pittsburgh, Pa., when the drafts were issued after inspection or opportunity to inspect at Crystal Springs, Mississippi: Selser v. Roberts & Co., 105 Pa. 242; Weed & Co. v. Weinberger, 12 Pa. Superior Ct. 12; Shisler v. Baxter, 109 Pa. 443.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

Plaintiffs' action is based on two drafts drawn by defendants' agent, representing part payment of the purchase price of three cars of tomatoes bought by defendants from plaintiffs. Defendants alleged the tomatoes on arrival at destination were found to be of inferior grade, defective, and not the quality represented by plaintiffs and refused payment of the drafts. At the trial defendants offered to prove inspection immediately upon arrival of the cars at their destination and that the contents were found to be defective and of inferior grade. The trial judge being of opinion the tomatoes were sold and delivered at the shipping point after inspection, or opportunity to inspect, by defendants' agent, refused to admit the testimony and directed a verdict for plaintiffs. Defendants appealed. The sole question for our determination is whether the sale was on inspection at the point of shipment, or a sale by sample, or in reliance on an express or implied warranty or representation as to quality.

The tomatoes were purchased by defendants' agent, B. U. Young, at Crystal Springs, Miss., as "No. 1"

quality. Young testified to having inspected them by going upon the cars and examining a number of crates as best he could, opening a few, probably six or eight, and finding these to be No. 1 grade, in good condition, was satisfied with what he saw and from their appearance assumed the remainder were likewise in good order. He testified further to having been in the vicinity of Crystal Springs, at the time tomatoes were picked, went into the fields in which they were growing, saw them taken from the vines, packed in crates and loaded for shipment and had full opportunity to observe the contents of all crates packed in the cars had he cared to do so. He further said no representations as to the kind or quality were made to him. This uncontradicted testimony, coming as it does from the defendants' purchasing agent and witness, must be accepted as true and fully justified the court below in holding, as matter of law, that the sale was on inspection and that defendants' agent inspected, or had opportunity to inspect, the entire shipment and was satisfied with the quality and condition of the contents of the cars. The case is not one of breach of warranty that the tomatoes were of the kind ordered, in which case the warranty would survive acceptance: Samuel v. Delaware River Steel Co., 264 Pa. 190. It is conceded the shipment was of the kind ordered, the defense being based solely on a claim for defects the purchaser had full opporunity to discover. In such case acceptance completed the transaction and there existed then no warranty as to their quality or against defects examination would have revealed, even though the purchaser neglected to take advantage of the opportunity thus offered for a thorough inspection: Selser v. Roberts & Co., 105 Pa. 242. Also to the same effect is the Sales Act of May 19, 1915, P. L. 543, section 15, par. 3.

The judgment is affirmed.