## Rothermel, Appellant, *v.* Phillips et al.

*Sale—Contract—Deceit—Representation as to value—Uniform Sales Act of May 19, 1915, P. L. 543—Warranty.*

1. In order to recover in an action for deceit based on alleged false representations as to the value of goods sold by defendant to plaintiff, the burden is on plaintiff to prove that the representa-

tions made to him were false and fraudulent matters of fact, intended to cause him to act on them, and that he did so, with resulting injury.

2. Under the Act of May 19, 1915, P. L. 543, no affirmation of the value of goods offered for sale, nor any statement purporting to be a statement of the seller's opinion only will be construed as a warranty.

3. The buyer and seller do not stand in any relation of confidences, and the latter is not ordinarily bound to disclose matters to which he has knowledge; he is responsible only where guilty of actual fraud or concealment.

4. The parties do not stand to each other in a position of trust or dependence merely because the seller had previously better opportunity than the purchaser of becoming acquainted with the subject-matter of the sale.

5. If knowledge of the fact claimed to have been represented, is equally obtainable by either party on inquiry, and the buyer has been given full opportunity to determine the truth for himself, he cannot subsequently complain of a mere false assertion of value when no warranty was intended.

Argued January 23, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 18, Jan. T., 1928, by plaintiff, from judgment of C. P. Berks Co., March T., 1921, No. 62, for defendant n. o. v., in case of Enoch S. Rothermel v. David K. Phillips and Matthias J. Boyer. Affirmed.

Trespass for deceit. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment was entered for defendants n. o. v., by SCHAEFFER, P. J. Plaintiff appealed.

*Error assigned,* inter alia, was judgment n. o. v., but not quoting record.

*Silas R. Rothermel,* for appellant.—Fraudulent representation by a vendor may as well be by acts and artifices calculated to deceive as by positive assertions: Croyle v. Moses, 90 Pa. 250; Clapp v. Hunt, 276 Pa. 127.

A seller has no right, by words or acts, to mislead a buyer and prevent an examination or inquiry: Goodwin v. Schott, 159 Pa. 552.

The court made a mistake in its statement that because the plaintiff had demanded no warranty, and had the opportunity to inspect the goods, he could not complain: Bower v. Fenn, 90 Pa. 359.

*Thomas Snyder,* of *Snyder, Zieber & Snyder,* for appellees.—To recover in an action of deceit it is necessary for plaintiff to prove that the representations made to him were false and fraudulent matters of fact, that they were intended to cause him to act upon them, that he did act on them, and that he suffered injury thereby: Clapp v. Hunt, 276 Pa. 127.

The alleged misrepresentations averred and testified to by appellant were mere representations of value, a matter resting in opinion, and not matters of fact: Fulton v. Hood, 34 Pa. 365; Southern Development Co. v. Silva, 125 U. S. 247.

There is no adequate proof that appellees' representations were actually false and that they knew they were false at the time they made them: Peck v. Stevenson, 6 Pa. Superior Ct. 536; Scott v. Heisner, 33 Pa. Superior Ct. 286; Southern D. Co. v. Silva, 125 U. S. 247.

There is no adequate proof that appellant actually acted in reliance on appellee's alleged representations: Mahaffey v. Ferguson, 156 Pa. 156; Southern D. Co. v. Silva, 125 U. S. 247.

OPINION BY MR. JUSTICE SADLER, March 12, 1928:

Phillips and Boyer, defendants, were the owners of a small country store in Berks County, which they had conducted for several years. In 1920, they advertised the business for sale, and, in April, learned that the plaintiff, Rothermel, was a possible purchaser. Communication with him led to an offer to dispose of the stock for the lump sum of $7,000, but he was then

willing to buy only for a price to be fixed by an appraisement of the goods on hand, and this arrangement was agreed to.  The owners began the sorting of the stock so that an examination could be made of the articles in the store by those whom Rothermel should select.  On May 9, Merkel and DeTurk, chosen by him, and in his presence, looked over the property, though no inventory was taken.  Free access to the goods proposed to be transferred was permitted, and the investigation then deemed necessary completed.  At its conclusion, Merkel advised Rothermel that, in his opinion, there was stock on hand to the value of $7,000, and DeTurk asserted the same, and suggested that the offer to sell at that price be accepted.  On the afternoon of the same day the sellers met the purchaser, and stated that their further checking up of the property led them to the belief it was worth $8,000, and expressed a preference that an appraisement be had, as already stipulated for, and the purchase price thus fixed; or, as an alternative, if the sale was to be consummated for a lump sum, $7,500 should be paid.  Rothermel insisted that the original offer of $7,000 for the whole should be carried out, and the proposed appraisement abandoned.  This was ultimately agreed to, and, the consideration having been arranged, possession was turned over to plaintiff on the following day, May 10.

The business was conducted by the purchaser thereafter with no complaint until some time in June.  Sales were made from the stock in the ordinary course of business, and, from time to time, additional supplies bought and added thereto.  Rothermel became dissatisfied with his bargain, having discovered many articles not to be in a saleable condition, and these were removed and destroyed.  By his direction, without notice to the sellers, an appraisement was made in the first days of July by two outsiders, and the wholesale prices of the goods on hand fixed as of the date of their inspection.  Taking into account sales made after May 10, as de-

termined by the cash receipts,—not based on the estimated value of the articles sold, of which there was no list,—and also considering the bills for new goods bought, the total value of the stock purchased from the defendants was determined by them to have been $4,-457.67. This suit was instituted to recover the difference between that sum and the amount paid, on the ground that there had been a false representation of the value of the stock, as a result of which the loss was sustained. The court submitted the questions involved to the jury, which found for plaintiff, but judgment n. o. v. was entered for the defendants, and this appeal followed.

The claim, as set forth in the statement, is founded upon the alleged false representation that the goods purchased were worth $8,000, which, it is averred, was known, or should have been known, to the sellers to be untrue. Though evidence was offered at the trial to show that certain of the articles had become worthless by reason of age, or otherwise, and that some of the boxes, apparently full, were in fact found in July to be partly empty, yet the basis of the right to recover was rested on the alleged incorrect statement of value, and it is the only question proper for consideration under the pleadings: Immel v. Marsh, 58 Pa. Superior Ct. 234. The action is for deceit, and in order to recover it is necessary for plaintiff to prove that the representations made to him were false and fraudulent matters of fact, intended to cause him to act on them, and that he did so, with resulting injury: Clapp v. Hunt, 276 Pa. 127.

Prior to the adoption of the Uniform Sales Act (May 19, 1915, P. L. 543), the assertion of a fact did not constitute an express warranty of its truthfulness, unless there was shown an intention to give to the statement that effect. Whether this recognized rule in Pennsylvania (1 Williston on Sales 377) has been modified (Montgomery Foundry Co. v. Machine Co., 282 Pa. 212) by the first portion of section 12 of the statute

referred to, which provides that "any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon," need not be considered here, for the second part of the same sentence covers the present situation, when it declares: "No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be construed as a warranty."

The burden was upon plaintiff to show the making of a fraudulent representation of a condition, relied on to his injury. Here, the statement complained of was that the goods sold for $7,000 were worth $8,000. There was no evidence to show that defendants did not honestly believe this to be true, and, in the absence of such proof, the action of deceit falls: Scott v. Heisner, 33 Pa. Superior Ct. 286. "Such statements [of value] are not fraudulent in law, but are considered merely trade talk, and mere matters of opinion, which is allowable": Southern Development Co. v. Silva, 125 U. S. 247, 256; Peck v. Stevenson, 6 Pa. Superior Ct. 536. The buyer and seller do not stand in any relation of confidence (Myers v. Drake, 10 Watts 110), and the latter is not ordinarily bound to disclose matters of which he has knowledge: Neill v. Shamburg, 158 Pa. 263; Standard Steel Car Co. v. Stamm, 207 Pa. 419. He is responsible where guilty of actual fraud and concealment (Goodwin v. Schott, 159 Pa. 552; Bower v. Fenn, 90 Pa. 359), or when the parties stand toward each other in some position of trust or dependence (Edelman v. Latshaw, 180 Pa. 419), but this situation, "which heightens the responsibility of the vendor, does not arise in a case where the vendor has simply previously had better opportunities than the vendee of becoming acquainted with the subject-matter of the sale": Andriessen's Appeal, 123 Pa. 303, 312.

If knowledge of the fact, claimed to have been misrepresented, is equally obtainable by either party on inquiry, and the buyer has been given full opportunity to determine the truth for himself, he cannot subsequently complain: Mahaffey v. Ferguson, 156 Pa. 156; Fulton v. Hood, 34 Pa. 365; Thomas v. Cohen, 275 Pa. 576. As was said in Rockafellow v. Baker, 41 Pa. 319, 321: "The state of the markets, the present and prospective value of a particular commodity, are among the things which are alike open to both buyer and seller, and neither is bound to instruct the other,—a mere false assertion of value, when no warranty is intended, is no ground of relief to a purchaser, because the assertion is matter of opinion which does not necessarily imply knowledge, and in which men may differ."

The plaintiff in this case had ample opportunity to determine the exact market value of the goods before purchasing. He first refused, for his own protection, to buy without an appraisement, and took his two appointees upon the premises. Though their examination was cursory, every opportunity was given them to make any investigation desired, and both reported that, in their opinion, the stock was worth $7,000. Thereafter, Rothermel insisted on purchasing for the sum first suggested without the making of an inventory, and this was finally agreed to. If he was mistaken as to the true value, and failed to secure the bargain expected, he cannot now recover from the sellers, who, so far as the record discloses, believed the property to be worth the amount stated by them. There was no express warranty that the stock could be sold for $8,000, nor was there an implied warranty of its merchantable quality under the circumstances, for such is not to be inferred under the Sales Act (section 15, par. 3) "as regards defects which such examination ought to have revealed," when the buyer has opportunity to inspect the goods.

Not only were the representations complained of mere expressions of opinion, which it did not sufficiently ap-

pear were untrue, but it was not established that plaintiff acted in reliance on them rather than on the recommendation of his appointees who personally looked over the stock before he agreed to buy. No complaint was made on the ground now suggested until some weeks after possession had been taken, and the appraisement subsequently made was of the portion unsold in the meantime. Though the cash collected was accounted for in making the last inventory, it was not shown what articles had been disposed of. Assuming, however, that the market value of the stock was less than $7,000, the price paid by appellant, there was no evidence which would justify a verdict in his favor, and binding instructions should have been given for the defendant, as requested. The subsequent entry of judgment n. o. v., now complained of, was properly directed, and the assignments of error are overruled.

The judgment is affirmed.