Namy, Appellant, *v.* Black.

Argued March 26, 1951. Before Drew, C. J., Stern, Jones, Bell, Ladner and Chidsey, JJ.

*Louis H. Artuso,* with him *Ernest G. Nassar,* for appellant.

*Herbert R. Hahn,* with him *Clyde P. Bailey* and *John E. Winner,* for appellees.

OPINION BY MR. JUSTICE BELL, May 21, 1951:

Plaintiff brought a bill in equity against his grantors and their real estate agent, who sold him the property, and the mortgagees who took a mortgage thereon, praying that the deed to him from the former owners be canceled, the purchase money be repaid, and his mortgage and accompanying bond be canceled, on the ground, not of fraud, but that *a warranty was omitted from the sales agreement by mutual mistake.* There was no evidence that the alleged warranty was omitted from the sales agreement by mutual mistake and the court below properly, as we shall see, dismissed plaintiff's bill at the conclusion of his testimony.

The important facts may be briefly summarized as follows: Plaintiff read an advertisement in a Pittsburgh newspaper "Crafton-Five beautifully furnished apartments with baths, gas heat, income $365. . . .", which was inserted by the owners' real estate broker. *Plaintiff thereafter made three inspections of the premises.* He found that *the house contained four apartments* with bathrooms and kitchens; as well as three other rooms which were occasionally occupied by the owners and contained one sink and a hot plate. Plaintiff produced evidence (although denied) that one of the owners told him it would be possible to add a bath and kitchen to their rooms and thus make the three rooms into an additional apartment which could be rented for $120. a month. Plaintiff also testified that one of the owners misstated the annual cost of gas. Plaintiff, prior to making an offer of purchase, personally examined the gas bills, the tax bills, and the rents, and personally interviewed the tenants and discovered from them that the total rental was $245. a month instead of $365. a month, as stated in the above-mentioned advertisement.

Plaintiff then made an offer of $23,500. for the property, which was accepted.

An agreement of sale was prepared by defendant's attorney, materially changed by plaintiff's attorney, and thereafter on August 19, 1947, was executed by the purchaser and sellers. *The agreement of sale contained no statement or warranty as to the number of apartments or the monthly income therefrom.* On October 7, 1947, settlement was made and a deed delivered by the owners to plaintiff (which was duly recorded) and the plaintiff entered into possession. Plaintiff subsequently discovered, when he attempted to add an additional apartment to the premises, that there was an existing ordinance which was *unknown to any of the parties,* which prohibited more than a *four family apartment house* in the area in question. On January 27, 1948, plaintiff filed this bill in equity for cancellation of the deed and mortgages and repayment to him of the purchase price. From a decree dismissing the bill of complaint, plaintiff has taken this appeal.

Assuming that the owner told plaintiff that by remodeling certain rooms plaintiff could convert said premises into a *five family* dwelling and thus realize *a gross income of $365.* per month, it is very doubtful that this would amount to a misstatement of an existing fact or a warranty on which plaintiff had a right to rely, instead of a mere expression of opinion: Cf. *Klerlein v. Werner,* 307 Pa. 16, 160 A. 719; *Moore v. Steinman Hardware Co.,* 319 Pa. 430, 179 A. 565; *Rothermel v. Phillips,* 292 Pa. 371, 141 A. 241; *Mahaffey v. Ferguson,* 156 Pa. 156, 27 A. 21; *Rockafellow v. Baker,* 41 Pa. 319.

Moreover, this is not an executory contract of sale. The general rule is that the acceptance of a deed in pursuance of an agreement of sale is a satisfaction of all previous negotiations and covenants, and in the absence of fraud or imposition a purchaser will not be

entitled to a rescission of the contract and a cancellation of the deed: *Dobkin v. Landsberg,* 273 Pa. 174, 116 A. 814; *Shontz v. Brown,* 27 Pa. 123; *Farmers & Mechanics' Bank v. Galbraith,* 10 Pa. 490; *Bailey v. Snyder,* 13 S. & R. 160; Restatement, Contracts, §413.

But there is a still further and more compelling reason why the plaintiff cannot recover in this suit, namely, he utterly failed to prove the averment on which he based his right to relief, viz: that defendant's statements as to a fifth apartment and a gross monthly income of $365. were omitted from the agreement of sale through mutual mistake of the parties. It is hornbook law that *the allegata and the probata must agree* and that both the pleadings and proofs must furnish adequate basis for equitable relief: *Caveny v. Curtis,* 257 Pa. 575, 581, 101 A. 853; *Luther v. Luther,* 216 Pa. 1, 64 A. 868; *Frey v. Stipp,* 224 Pa. 390, 73 A. 460; *Goslin v. Edmunds,* 325 Pa. 154, 188 A. 851.

In *Caveny v. Curtis,* the Court said (page 581): "A plaintiff in equity does not recover on proofs alone but on his pleadings and proofs. He must aver in his bill all matters essential to entitle him to recover, and neither implied allegations nor proof of matters not alleged can be made the basis for equitable relief: Thompson's App., 126 Pa. 367; Luther v. Luther, 216 Pa. 1; Frey v. Stipp, 224 Pa. 390''.

" 'A plaintiff cannot file a statement which avers one cause of action, and be permitted, on the trial, to prove a different cause of action. He must state the claim on which he will rely to recover so clearly and concisely that the defendant may be fully advised as to what he is called upon to meet.' *The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs.* Every fact essential to entitle the plaintiff to the relief which he seeks must be averred in his bill. *Neither unproved allegations nor proof of matters not alleged can be made*

*a basis for equitable relief.** If there is nothing in the testimony to sustain the bill as filed, it must be dismissed: Spangler Brewing Co. v. McHenry, 242 Pa. 522, 89 A. 665; Bowman v. Gum, Inc., 321 Pa. 516, 184 A. 258": *Goslin v. Edmunds,* 325 Pa. 154, 159, 188 A. 851.

Decree affirmed at cost of appellant.

---

\* Italics throughout, ours.