## I. M. HARLEY, Appellant, v. MERRILL BRICK COMPANY, Appellee.

1. **Nuisance:** DAMAGES: PROOF: INSTRUCTIONS TO JURY. Where in an action to recover damages alleged to have been sustained through the operation of a smokestack and brick kiln by the defendant, the plaintiff averred several distinct elements of damage in her petition, *held*, that an instruction to the jury, that to entitle the plaintiff to recover she must prove each and every allegation of her petition, was erroneous.

2. ——: ——: WHEN OF BOTH PUBLIC AND PRIVATE NATURE. One may recover for damages sustained by a nuisance though the damage sustained by him be of the same character as that sustained by the public, if the private damage be distinct from that suffered by the public.

3. ——: ——: LIABILITY OF ONE OF SEVERAL CONTRIBUTORS. It appeared from the evidence that the plaintiff's dwelling was situated about six hundred feet from certain tile works, that a railway was operated in the vicinity, that large quantities of soft coal were burned in the city, and that the smoke from the tile works, from the railway locomotives, and perhaps from the city at large, contributed to the injuries of which the plaintiff complained. *Held*, that the trial court erroneously instructed the jury that to constitute the defendant's works a nuisance the operation of its works alone could be considered, and that the creation of a nuisance by the smoke, soot

or gas given off by the defendant's works being combined with that given off by other industries would not render the defendant liable in an action against it alone. The rule being that each person who acts in maintaining a nuisance is liable for the resulting damage; such liability, however, being limited to the results of his own action if he acts independently.

4. ———: ESTOPPEL: CONDUCT NOT INDUCING ACTION. One's silence during the construction of a smokestack and brick kiln in the vicinity of his premises will not estop him from subsequently proceeding against the same as a nuisance, if the erection of such works was not induced thereby.

5. ———: PRIVATE INJURY: EVIDENCE. In such an action the existence of the alleged nuisance cannot be shown by evidence of the effect of the operation of the defendant's works upon people and property not in controversy.

6. ———: VALUE OF DEFENDANT'S WORKS AS EVIDENCE. Under the issue of estoppel pleaded by the defendant, *held*, that evidence of the value of the defendant's works was properly admitted.

*Appeal from Polk District Court.*—Hon. Charles A. Bishop, Judge.

Thursday, May 28, 1891.

Action to recover damages alleged to have been caused by the defendant in operating machinery and kilns for the purpose of manufacturing brick, and for the abatement of the same as a nuisance. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*Chamberlin & Stewart,* for appellant.

*Gatch, Conner & Weaver,* for appellee.

Robinson, J.—During the year 1888 the plaintiff owned, and with her family occupied, as a place of residence, a house and lot on East Fourth street, in Des Moines. The premises so occupied were about one hundred and eighty feet from the brow of a bluff which sloped abruptly westward. At the foot of the bluff the defendant, in the year named, constructed works for

the manufacture of brick.  They included a smoke-
stack, the top of which was nineteen feet lower than
the bluff and brick kilns.  The distance from the house
of the plaintiff to the smokestack is three hundred and
thirty feet, and from the house to the nearest part of
the brick kilns it is two hundred and ninety feet.  After
the works were completed the defendant commenced to
make and burn brick.  The plaintiff claims that, in
operating the works and burning the brick, the defend-
ant used soft coal, and that large, dense clouds of black
smoke and soot and gases were emitted from the
smokestack and kilns, which were blown over and upon
her premises, and into her house and other buildings;
that in consequence the premises were rendered uncom-
fortable, unhealthy and unfit for habitation; that the
house and its contents were damaged, and the vegeta-
tion injured, and some of it destroyed.  The plaintiff
demands judgment for one thousand dollars, and asks
that the buildings, premises and business of the
defendant be declared a public nuisance, and abated.

I.  The court charged the jury as follows:  "1.
The burden is upon the plaintiff in this case to establish,
by a fair preponderance of the evidence in
the case, each and every of the allegations
of her petition, other than such thereof as
are expressly admitted in the answer.  *  *  *

"2.  You are instructed that, in order that the
plaintiff may recover in this action, she must have
established, by a fair preponderance of the evidence
which has been submitted to you: *First*, that she
owned and occupied, as alleged, the premises described
in her petition;  *  *  *  *second*, that the operation of
the defendant's works constituted a nuisance; *third*,
that she has suffered damages thereby in the respects
alleged in her petition."

Objection is made to the portions of the charge
quoted on the ground that, under the rule they

announce, the jury could not have found for the plaintiff, unless she had proved "each and every of the allegations of her petition." Since she averred several distinct elements of damage it is clear that she would have been entitled to recover had she established but a part of them. It is no doubt true that the court designed to instruct the jury that the plaintiff could recover only as to the causes of action which she had proven, and that the burden of proof was upon her, but we think the jury might have been misled by the language used. The second paragraph of the charge was of a nature to induce the jury to adopt a wrong construction. Taking the two paragraphs together, the jury might well have concluded that the plaintiff could not recover unless she had proven all the claims made in her petition.

II.   Appellant complains of the last part of the second paragraph of the charge, which is as follows: 2. ——: ——: "* * * You are further instructed when of both public and that, to entitle her to recover therefor, it private nature. must appear that the damage suffered by plaintiff is of a character different from that suffered by the public at large, it being a rule of law by which you will be governed that a private citizen cannot maintain an action as for the abatement of a nuisance, or to recover damages on account of a nuisance, unless such private citizen be damaged in a manner separate and distinct from the damage which is sustained by the public at large; that is, such private citizen must have suffered some injury to his person or personal rights, or to his individual property, in which injury the general public did not share or did not suffer from."

It is not strictly true that a person damaged by a nuisance cannot recover, if his damages be of the same character as those sustained by the public. If the health or property of a person be injured from such a cause, he may recover, although the health and prop-

erty of the general public affected by the nuisance be affected in the same manner. The character of the injury would be the same in each case, but the damages sustained by each individual would be distinct from that suffered by the public, and a recovery therefor would be permitted. It was said in *Park v. Railway Co.*, 43 Iowa, 638, that a nuisance may partake of a double character, and be both public and private, and that actions can be maintained in such cases by individuals, although many other persons sustain like injuries from the same nuisance. Section 3331 of the Code authorizes a recovery by any person injured by a nuisance. See, also, *Ewell v. Greenwood*, 26 Iowa, 380; 1 Hill on Torts, 555. Although it was probably not the intention of the district court to announce a different rule, we think the language used in the part of the paragraph quoted may have been misleading.

III.   It appears that certain tile works are located about six hundred feet from the dwelling of plaintiff, and that a railway is operated in the vicinity of the tile works and the works of the defendant; also that large quantities of soft coal are burned in Des Moines. The evidence tends to show that smoke from the tile works, from the railway locomotives, and perhaps from the city at large, contributes to the injuries of which the plaintiff complains. On that showing the court charged the jury as follows: "4. Upon the question of nuisance, you are instructed that, to constitute the operation of defendant's works a nuisance, it must appear that the smoke, soot and gas given off or emitted therefrom are such, as by themselves, considered alone, constitute a nuisance. Though it may appear that the smoke, soot or gas given off from the defendant's works, when combined with that given off from other works or industries, did, so taken together, constitute a nuisance, yet the existence, if proven, of such a nuisance, so

3. ——: ——:
Liability of one of several contributors.

created, will not warrant a condemnation of the defend-
ant's works in an action brought against it alone; the
rule of law being that when one establishes works
lawful in themselves, and not being in themselves a nui-
sance, they cannot be made a nuisance by proof that
the operation thereof, combined with causes arising
from the operation of other works in the vicinity,
together constitute a nuisance. You are to determine,
therefore, whether the operation of the defendant's
works, as you find from the evidence they were operated,
are considered by themselves a nuisance as defined in
these instructions; and the existence of other works or
industries in the vicinity, and the character thereof,
and the operation thereof, is only to be considered
by you as you are hereinafter instructed, in determin-
ing whether the operation of defendant's works, under
all circumstances, was unreasonable and productive of
damages, and hence a nuisance. In this connection
you are to bear in mind that, if you find, under these
instructions, that the operation of the defendant's
works of themselves resulted in a nuisance, the defend-
ant cannot escape a liability for the damages caused
thereby, upon the ground, that plaintiff or her property
was affected by other nuisances, or that the damages
sustained by her, if any are proven, were caused in part
by such other nuisances.''

    The jury were instructed in the second paragraph
of the charge that the plaintiff could not recover unless
she had shown that the operation of the works of
defendant constituted a nuisance. The paragraph last
quoted instructed the jury, in effect, that, in determin-
ing the liability of the defendant, the operation of its
works alone could be considered, and that it would not
be liable for a nuisance which was caused in part by
others. In that we think there was error. It is
well settled that each person who acts in maintaining a
nuisance is liable for the resulting damage. If he act

independently, and not in concert with others, he is liable for the damages which result from his own act only. *Loughran v. City of Des Moines*, 72 Iowa, 386; *Ferguson v. Manufacturing Co.*, 77 Iowa, 578; *Sloggy v. Dilworth*, 38 Minn. 179; 36 N. W. Rep. 451; *Sellick v. Hall*, 47 Conn. 273; *Evans v. Railway Co.*, 1 S. E. Rep. (N. C.) 529; 3 Sutherland on Damages, 425; 1 Addison on Torts, 364; Gould on Waters, secs. 222, 398; Wood on Nuisances, sec. 831. And the fact that it is difficult to measure accurately the damage which was caused by the wrongful act of each contributor to the aggregate result does not affect the rule, nor make anyone liable for the acts of others. *Chipman v. Palmer*, 77 N. Y. 53; *Lull v. Improvement Co.*, 19 Wis. 101. It is said that a different rule applies to smoke than to other nuisances, for the reason that it is much more common, and in many cities not to be avoided. We know of no reason why the rule under consideration should not be applied to all nuisances, whether due to smoke, smell, water, gas, noise or other of the common sources of nuisance. See 2 Thompson on Trials, sec. 1899; *Crump v. Lambert*, L. R. 3 Eq. 412. But, however that may be, we are of the opinion that the rule applies to smoke nuisances. The case under consideration, if the claim of the plaintiff be well founded, illustrates its wisdom. The works of the defendant are nearer to the residence of the plaintiff than any other place in which coal is burned in considerable quantities. The plaintiff contends that the works of the defendant, when in operation, discharged great quantities of thick, black smoke, soot and gas, which were injurious to health and property; and that, if smoke, soot and gas came from any other source, it was in such small quantities as not to be annoying. If that be true it would be a perversion of justice to hold that the chief wrong-doer shall be held harmless, because, without the contributions of others, the cause of complaint would

not have been a nuisance, and, therefore, that the plaintiff is remediless. Under the theory of the court's charge no nuisance created by different persons, however great, could be abated if the acts of each person, considered apart from the acts of the others, would not amount to a nuisance. In our opinion that is not the law. In determining whether a nuisance exists in a given case all material facts must be considered; as the place where the acts complained of are done, the manner of their performance, their necessity and the authority under which the person responsible acts. If the smoke which is caused by the burning of soft coal throughout the city of Des Moines is offensive at times it does not follow that a nuisance, within the meaning of the law, has been committed, and that the occupant of each private dwelling-house in which such coal is burned is guilty of participation in it. If such a nuisance were committed there might be a contribution to it so slight and inconsequential that the law would not take notice of it. What relief, if any, in addition to the recovery of damages the plaintiff would be entitled to in this action, if she establish her claim, is a question not so presented that we are required to determine it.

IV. The defendant pleaded as a defense that the plaintiff was estopped to recover in this action, for the reason that she knew that the works in controversy were to be constructed, but made no objection thereto, although she knew the purpose for which they were designed; but with that knowledge she permitted the defendant to construct the works at a large expense, and acquiesced therein. The appellant complains of the portion of the charge which relates to that defense, on the ground that it failed to state, as an element of the estoppel pleaded, that the conduct of the plaintiff must have induced the defendant to act in constructing its works. We think

4. —: estoppel: conduct not inducing action.

the complaint is well founded. There was evidence which tended to show that the defendant was not in any manner influenced in what it did by the conduct of the plaintiff. There was nothing in her conduct from which acquiescence might have been inferred, unless from her silence. She claims that she objected to the construction of the works, and that her objections were made known through her husband. But if she did not so object there was nothing done or omitted on her part which should estop her to recover, if the defendant was not induced to act upon what she did or omitted to do.

V.   The appellant complains of the refusal of the court to permit witnesses, who resided near her, to

5. ——: private injury: evidence.

testify as to the effect of the smoke, soot and gas from the defendant's works upon themselves and their families, and upon their premises. The evidence in question was properly excluded. It was not competent to establish the existence of the alleged nuisance by showing how it affected people or property not in controversy. *Fay v. Whitman*, 100 Mass. 76.

VI.   The appellant complains that evidence as to

6. ——: value of defendant's works as evidence.

the value of the defendant's works was admitted. We think it was competent, on the defendant's theory of an estoppel.

VII.   Other questions are discussed by counsel, but are disposed of by what we have said, or are unimportant, or are not likely to arise on another trial. For the errors pointed out the judgment of the district court is REVERSED.