## Carnegie Borough v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co., Appellant.

*Nuisance—Pier in stream—Injunction—Equity—Jurisdiction.*
On a bill in equity by a borough against a railroad company to compel the removal of a pier from a stream, a mandatory injunction will be granted, where the court finds that the pier obstructed the stream in such a manner as to be a public nuisance, and such a finding will not be disturbed unless for manifest error even if the testimony be conflicting. Com. v. Stevens 178 Pa. 543, followed.

Argued Nov. 2, 1911. Appeal, No. 232, Oct. T., 1911, by defendant from decree of C. P. No. 2, Allegheny Co., July Term, 1910, No. 530, awarding an injunction in case of Carnegie Borough v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction to remove a pier from Campbell's Run.

FRAZER, P. J., found the facts to be as follows:

### FINDINGS OF FACT.

1. Plaintiff is a municipal corporation of the County of Allegheny, incorporated under the general borough laws of this Commonwealth.

2. Defendant is a railroad corporation subsisting under the laws of the State of Pennsylvania, and

owns and operates a line of railroad connecting the City of Pittsburgh with points West. A portion of its line is situated within the municipal limits of plaintiff's borough.

3. Two streams, Chartiers Creek and Campbell's Run, flow through plaintiff's borough. The latter flows approximately East and West and empties into the former.

4. In the operation of its railroad, defendant has constructed, and maintains and uses, a bridge over Campbell's Run, about 250 feet above its mouth, upon which bridge are constructed and laid down seven tracks. The bridge is 44.4 feet in width, extends up and down the stream about 100 feet, and is from 5 to 7½ feet above the bed of the stream. Previous to filing the bill in this case the superstructure rested upon and was supported by stone abutments located upon the banks of the Run. A short time before the entering of these proceedings defendant began erecting mid-way between the abutments of its bridge a concrete pier, which it has since completed, four feet in width and extending the full length of its bridge.

5. There are at present, and have been for some time, two other bridges over Campbell's Run in the immediate neighborhood of defendant's bridge: (a) a highway bridge owned by Allegheny county, located 110 feet above defendant's structure, which highway bridge connects Railroad avenue with Highland avenue, both of which are prominent streets of plaintiff Borough. This bridge has a span of 31 feet in length, across the stream, and is 7.72 feet in the clear above its bed; (b) a private bridge immediately below defendant's structure, with a span of 28½ feet and a clearance of 8½ feet above the bed of the stream. The East abutment of this latter bridge is located almost directly in front of the East half of the bed of the stream, as divided by the new concrete pier of defendant's bridge, and materially interferes with the flow of

water, ice and debris under that portion of defendant's bridge.

6. The channel of Campbell's Run below defendant's bridge is contracted by the private bridge referred to in the preceding finding, to 30½ feet, and is further reduced by cribbing upon the East side and a stone wall on the West side to 20 feet, to a point near its mouth. Where it empties into Chartiers Creek its channel width is 25 feet.

7. The water shed of Campbell's Run is precipitous territory, and when sudden or heavy rains occur the stream rises quickly and discharges a considerable volume of water, at times the water carrying with it large quantities of ice and debris.

8. Upon several occasions during the past ten or twelve years, following extraordinarily rains or thaws, the channel of Campbell's Run, at defendant's bridge, has become closed with either ice or debris, thereby causing the water to flow upon the streets of the Borough in that immediate vicinity and carrying with it driftwood, ice and other debris.

9. The concrete pier constructed by defendant under its bridge materially lessens the space for the flow of water under defendant's bridge, and as conditions now exist in the bed of the stream under defendant's bridge, and by the interference in its East channel by the abutment of the private bridge below, the danger of flooding the streets of the Borough and interfering with travel thereon is considerably increased.

10. The purpose of defendant in reconstructing its bridge is to provide for the increased weight of its cars and motive power, and also to eliminate the supports, which, in the present bridge, now rise about two feet above the roadbed. The reconstructed bridge is to have a level surface over its entire stream and thus do away with the present supports, which defendant claims are dangerous and like to result in death or injuries to its employes. The testimony does not show

that any employe of defendant Company was ever injured by the supports of the present bridge.

11. A bridge of sufficient strength to provide for the increased weight of defendant's rolling stock can be erected without a pier in the middle of the channel of Campbell's Run at a slight increase in cost over the proposed bridge with a middle pier.

The court entered a decree enjoining the defendant from obstructing the stream.

*Error assigned* was the decree of the court.

*W. S. Dalzell* of *Dalzell, Fisher & Hawkins,* for appellant.—Upon a bill in equity to restrain or abate a public nuisance, if the matter complained of be not a nuisance per se, and if the testimony be conflicting whether it is a public nuisance at all or not, an injunction will not be granted until after the fact shall have been determined by a trial at law: New Castle v. Raney, 130 Pa. 546; Rhea v. Forsyth, 37 Pa. 503; Mowday v. Moore, 133 Pa. 598; Wood v. McGrath, 150 Pa. 451; Gorman v. McDermott, 42 Pa. Super. Ct. 516; Marshall v. Penna. Co., 44 Pa. Super. Ct. 68; Pitts. Ft. Wayne & Chicago Ry. Co. v. Gilleland, 56 Pa. 445; B. & O. R. R. Co. v. Sulphur Spring Ind. School Dist., 96 Pa. 65; Brown v. Pine Creek Ry. Co., 183 Pa. 38.

*Jas. H. Duff,* for appellee.—The court had jurisdiction: Mowday v. Moore, 133 Pa. 598.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:
The only difficulty we see in determining the questions raised by this appeal is whether upon the whole record equity had jurisdiction to grant the relief prayed for. It must be conceded that the matters complained of did not constitute a nuisance per se. The proposed pier was not in itself a nuisance, but might

become so by reason of its location, surroundings and probable dangers resulting from narrowing the channel and thus causing the waters to overflow the banks in times of floods to the injury of the lives and property of the residents of the complaining borough. In this sense it might be a nuisance within the meaning of the law. The answer denied that the pier when erected would cause the injuries complained of and the evidence was conflicting as to the probable results of such an obstruction in the stream. Under these circumstances appellant contends that the nuisance must first be established in an action at law before equity will interpose its strong arm to grant relief: Rhea v. Forsyth, 37 Pa. 503; New Castle v. Raney, 130 Pa. 546; Mowday v. Moore, 133 Pa. 598, and Wood v. McGrath, 150 Pa. 451, are relied on to sustain this position. This contention gives the rule recognized in these cases a significance not warranted by the facts. In three of these cases the bills were filed by individuals to abate nuisances in their nature private. In New Castle v. Raney, it was held that where the testimony as to whether a mill-dam, maintained for water power purposes for half a century and about which a city had grown up, has become a public nuisance or not, is conflicting, a bill to abate it will be dismissed, without prejudice to the right of complainants to bring an action at law. It will be observed that the relief sought was in the nature of a mandatory injunction requiring the removal of a dam which had been lawfully maintained for a long period of years and the evidence upon which the municipal authorities based their right to demand such relief was not only conflicting but doubtful. These cases were distinguished in Com. v. Stevens, 178 Pa. 543, by the learned court below sitting as a chancellor, and upon appeal this court affirmed the decree there made enjoining defendants from obstructing the stream in the manner proposed. In the opinion filed in that case, this court said: "The defendants

claim that they cannot be lawfully enjoined from erecting the wall at the point in the stream where they have located it until it has been determined in a common law action that they have no right to build it there. The reason given for the claim is that the evidence in regard to their right and the effect of the wall upon the overflow in times of freshets and floods is conflicting. They cite as justifying their claim: New Castle v. Raney, 130 Pa. 546, 562; Mowday v. Moore, 133 Pa. 598, 612; and Wood v. McGrath, 150 Pa. 451, 458. These cases were brought to the attention of the learned judge of the court below, and were plainly and satisfactorily distinguished by him from the case at bar." This can only mean that the reasons given by the court below for the distinctions made were satisfactory to and approved by this court. That case rules the case at bar upon the question of jurisdiction. In that case as in this the proceeding was instituted by the municipal authorities for the purpose of restraining private parties from obstructing a stream of water in such manner as to be a public nuisance. There as here the chancellor found the facts from conflicting testimony and made the decree accordingly. Upon the question of jurisdiction the present case cannot be reversed without in effect overruling that case. In every essential particular it is on all fours with the present case. It is the latest case in which this exact question has been considered and in our opinion it is controlling here. The evidence was ample to sustain the facts found by the learned court below and we would not feel warranted in reversing the findings of fact or the conclusions of law based upon the facts so found.

The decree is affirmed upon the record here presented without prejudice to the right of appellant to ask for a modification of the decree in the court below in the event that the negotiations alleged to be pending whereby the obstructions in the stream below the bridge in question are to be removed at the expense of

the railroad company, are successful and the obstructions removed as contemplated. When this is done and the stream is thus widened, the court may very properly modify the decree, if convinced, that the dangers complained of will be thus obviated. Costs to be paid by appellant.