## Heinl et al. *v.* Pecher et al., Appellants.

Argued March 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *J. I. Simon,* for appellants.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* with him *Christian Z. Schove,* for appellees.

OPINION BY MR. JUSTICE MAXEY, April 22, 1938:

Plaintiffs as residents and taxpayers filed a bill in equity setting forth that they were the owners of about 8 acres of land situated in Shaler Township, Allegheny County, that the defendants are the owners of about 49 acres in the same township, the two tracts being contiguous, that in 1933 defendants began certain construction work, the purpose of which was not then apparent, that this work continued until September 2, 1935, when a 100-foot stack was erected, "it then becoming apparent for the first time that said construction work was an incinerator plant intended for the burning and disposal of garbage," that a building ordinance in this township effective since March 13, 1931, provides that "any person . . . desiring to erect . . . any building . . . within the limits of the township shall furnish the Building Inspector of said township, a full and complete set of drawings and specifications . . . showing the char-

acter thereof." Plaintiffs alleged that defendants violated this ordinance in that they failed to obtain a building permit as required therein. Another section of the ordinance provides that any building erected and equipped in violation of any of the provisions of the ordinance shall be declared a nuisance and may be abated as provided by law. It was also pleaded that the Commissioners of the Township enacted a Zoning Ordinance on February 2, 1932, providing that in that district land may be used and buildings may be erected thereon only for certain enumerated purposes. Plaintiffs averred that defendants violated this section of the ordinance in that the building of defendants is located in that section of the township classified as "Single Family Dwelling District," designated as "U-3," and that defendants' building is not the type of construction that is permissible in this district. By an amendment filed, plaintiffs alleged that, by reason of the erection of the incinerator plant, they have been caused irreparable damage. The prayer of the bill is that the defendants be restrained from maintaining and operating the building in question as an incinerator plant and that it be abated and removed.

Defendants by answer set forth that plaintiffs were aware of the type and purpose of the challenged construction in 1933 and prior to that time, that plaintiffs are guilty of laches, that defendants went to great expense in and about the incinerator after plaintiffs knew that the construction was to be an incinerator. By way of further answer, defendants set forth that a certain bricklayer who worked on the incinerator prior to the passage of the ordinance, had died on July 23, 1936, and that by reason of plaintiffs' laches, defendants have been deprived of the appearance of this bricklayer as a witness in their behalf. Defendants denied that they were required to obtain a permit for the erection of the incinerator and claimed that they had commenced construction of the incinerator prior to the enactment of

the building ordinance. They also denied that the incinerator was declared a nuisance by the ordinance. They aver that it is not in fact a nuisance and is not subject to abatement in this action.

On February 3, 1937, 464 citizens and taxpayers of Shaler and other neighboring townships petitioned to intervene as parties plaintiff in this case and they were granted leave to do so.

The substance of the findings of fact is that though the foundation for the incinerator was poured in January, 1931, or about two months before the "Building Ordinance" became effective, defendants did apply for a building permit in 1932 and this was refused, and defendants then proceeded with the erection of the incinerator without a permit, the final work on it being the erection of a 100-foot stack on Labor Day, 1935, and the purpose of the plant, which was never put in operation, was the disposal of garbage from neighboring municipalities.

The essence of the conclusions of law is that the ordinances quoted were reasonable and constitutional, that defendants had violated them, that plaintiffs had by defendants' acts suffered special and irreparable damages and were entitled to have the ordinances enforced, that the maintenance and operation of the incinerator would be a nuisance, and that plaintiffs were entitled to the relief prayed for. A decree nisi was entered accordingly. Exceptions were filed. These were dismissed and a final decree was entered. This was excepted to and this appeal taken.

Appellants say: "The chancellor is predicating his whole attitude upon the fact that the operation of an incinerator in this neighborhood might be a nuisance. . . . It is improper for the lower court to base its case upon 'operation' of an incinerator in this neighborhood when the plaintiffs' case is based merely upon erection."

Appellants cite *Luther v. Luther*, 216 Pa. 1, 64 A. 868. In that case we held that a decree declaring one of the

defendants a trustee of real estate for the benefit of the complainant, cannot be sustained where the only prayer of the bill was a decree for specific performance against another defendant and the averments in the bill showed that this was the only relief sought. This court said in that case: "Every fact essential to entitle a plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proof of matters not alleged can be made a basis for equitable relief." Appellants also cite the case of *Spangler Brewing Co. v. McHenry*, 242 Pa. 522, 89 A. 665, which lays down a similar principle. That case held that where a bill in equity was filed against the treasurer of a corporation and prayed for an accounting, the proceedings could not be turned into one for an investigation of the way in which a large amount of stock had been issued by the company and, after finding that it had been unlawfully issued by the company to the defendant as an individual, a decree made to the effect that he was responsible to the company for the par value of the stock. The case of *Caveny v. Curtis*, 257 Pa. 575, 101 A. 853, cited by appellant, is so utterly different in its facts from the case at bar as to make its citation inapposite. It is equally clear that the other cases above referred to give no support to appellants' position.

Since plaintiffs alleged that the building was erected as an incinerator plant in violation of the ordinances of the township and since the building ordinance provides that a building erected in violation of its provisions shall be "declared a nuisance" and "may be abated" and since plaintiffs prayed that defendants be forever restrained from maintaining and operating the plant and that the same be abated and removed, and since the court finds the allegations sustained, the decree entered did not go beyond the pleadings and proof and was within the power of a court of equity. To enjoin the operation of an incinerator plant is no more drastic than to order its removal. When it is removed in accordance with the

decree, it certainly will not be able to operate in its present locality. There is no injustice in ordering its removal, for it was not built as a landscape adornment; it was built for use. It would be idle for equity to stay its hand until the plant was operated.

Appellants also complain because two individual plaintiffs, joined by 464 other plaintiffs, many of whom reside in other municipalities, maintained a bill in equity to remove a building alleged to have been erected in violation of a township ordinance, where (appellants say) "the only element of damage is that the entire neighborhood for miles around might be depreciated." The answer to this is that the two original plaintiffs showed special damages, their lands being contiguous to the incinerator plant. They standing alone were entitled to the relief granted. It is the theory of appellants that the damages pleaded in this case were *public* wrongs and that therefore individuals had no right to bring an action to redress them. Clark in his Principles of Equity, page 293, says: "The fact that a private nuisance is also a public nuisance because it affects a large portion of the public should not in any way diminish what would otherwise be the rights and remedies of the private individual and this seems to be the prevailing view." 46 C. J., page 732, sec. 311, contains the following statement: ". . . While the mere violation of a municipal ordinance does not constitute a nuisance [unless, of course, the ordinance so provides], if the actual thing is a nuisance or in the nature thereof and it is done or maintained in violation of a municipal ordinance, it may constitute such nuisance as against which relief may be obtained by one who suffers special and peculiar injury of an irreparable nature therefrom" (citing numerous cases). Page 661, sec. 25, declares: ". . . it is generally held that the violation of a municipal ordinance does not constitute a nuisance. Nor does it constitute a public nuisance. But since the state may declare what may at law be deemed a nuisance, it may de-

clare certain violations of municipal ordinances to be nuisances. It has been held that, if the municipal corporation has power to declare particular acts nuisances, a business establishment maintained in violation of a valid ordinance may constitute a public nuisance." Page 733, sec. 312: ". . . To the rule that a person damaged by a nuisance cannot recover, if his damages be of the same character as those sustained by the public, a limitation is recognized where the particular nuisance is both a public and a private one, it being held that in such a case an action may be maintained by an individual, although many other persons may sustain like injuries from the same nuisance, and it has been held that relief may be had by a private individual against a public nuisance when the injury complained of is only greater in degree to complainant. . . ." See *Harley v. Merrill Brick Co.*, 83 Iowa 73, 48 N. W. 1000, and *Union Pacific R. Co. v. Hall*, 91 U. S. 343.

20 R. C. L., page 462, sec. 77, sets forth the following: ". . . the better opinion seems to be that to have suffered in a greater degree than the public is to have received special and peculiar damage. However this may be, it seems to be plain that a private action for a public nuisance may be maintained by one who is not the sole or even a peculiar sufferer, if his grievance is not common to the whole public, but is a common misfortune of a number or even a class of persons." See *Joos v. Illinois Nat. Guard*, 257 Ill. 138, 100 N. E. 505.

We find no basis for appellants' complaint that the court permitted 464 other persons to intervene. Equity Rule 25 provides: "By leave of court, any person or persons claiming an interest in a pending suit, may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to and in recognition of the propriety of such suit." The bill of complaint sets forth that it is brought by the plaintiffs "on behalf of themselves and others who may be interested." Appellants were un-

harmed by the intervention allowed. There is no evidence that the findings and the decree of the court were based upon this intervention or on anything set forth by the interveners. In overruling the objection to the petition to intervene, the court said: "We will be confined to the allegations of the bill of complaint."

Appellants also contend that "the only possible injury attempted to be shown by the plaintiffs was possible depreciation of value of real estate in the community." We do not so interpret this record. One of the court's conclusions was that the maintenance and operation of the incinerator would be a nuisance and in its discussion the court said: "A public incinerator in such a locality would then, in all probability, be declared a nuisance regardless of any zoning ordinance." In the very case cited by appellants, to wit: *Penna. Co., etc., v. Sun Co.,* 290 Pa. 404, 138 A. 909, this court said: "Equitable relief must be predicated on an injurious invasion of a fixed and determined property right. By injury is meant something affecting the capacity of the property for ordinary use or *causing a discomfort in the enjoyment of it that threatens the health or welfare of the occupant* [italics supplied], with resultant injury to the property. . . . A mere diminution in value is not sufficient to justify a grant of equitable relief." Nothing can be clearer than that the original plaintiffs, who live adjacent to this incinerator plant, would by the operation of that plant suffer "a discomfort in the enjoyment" of their property, which would threaten their health and welfare.

We find no basis for appellants' claim of laches. The stack on this premises was erected on Labor Day, 1935. Immediately complaints were made by plaintiffs to the township authorities and information filed against defendants on October 11, 1935. A hearing was held on October 29, 1935, at which appellants were found guilty of violating both of the ordinances hereinbefore referred to. Appellants then took an appeal to the County Court

which was disposed of on May 8, 1936, when the court found that these appellants had violated the ordinances, but held them not guilty because criminal prosecution had not been instituted within two years after construction began. Plaintiffs filed their bill in this case on October 29, 1936. The chronology of events is a sufficient answer to the charge of laches.

Appellants complain because the court ordered the building removed. They argue that "it could be used as a disposal plant connected with a permitted establishment. Furthermore, it could be used as a rubbish incinerator." Without discussing the desirability of a "rubbish incinerator" in this neighborhood, we call attention to the fact that section 41 of Ordinance 240 of Shaler Township, provides that "any building . . . erected . . . in violation of the ordinance is declared a nuisance and may be abated in the manner now provided by law," and that the township Zoning Ordinance (No. 265) of February 2, 1932, provided (sec. 7, art. III) that in that district designated as "U-3"—"Single-Family Dwelling District," buildings may be erected for only certain enumerated purposes;* and appellants' incinerator plant for the burning and disposal of garbage does not fall within the description of any of these purposes. Having proceeded with the erection of this building without filing plans and specifications and securing the necessary permit, and for a purpose proscribed by the Zoning Ordinance, this building became subject to the order of removal made in this case.

The decree is affirmed at appellants' cost.

_____

* Sec. 7, art. III, of Ordinance No. 265: ". . . Permitted uses: (1) Single Family Dwelling; (2) Churches; (3) Public or private Educational Institution; (4) Public Parks; (5) Water Reservoir or Tower; (6) Farming and Farm Buildings; (7) Country Clubs; (8) Garden (including Truck Garden); (9) Nursery, Horticultural; (10) Greenhouse."