McKees Rocks Borough et al. *v.* Rennekamp Supply Company et al., Appellants.

Argued March 23, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Cyrus A. Davis,* for appellants.

*Paul J. O'Donovan,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, April 13,
1942:

This is a proceeding in equity to enjoin the continuance of a nuisance.

Plaintiffs are the owners and occupiers of homes in a neighborhood purely residential save for defendant's establishment. Plaintiffs' houses were built and sold to them by defendant, William A. Rennekamp. He originally used the frame building in which the offensive operation exists, as a storage place for his building materials. Subsequently he turned it into a manufactory of concrete blocks. It is the operation of the machines that make the blocks of which complaint is made.

The chancellor, with ample evidence to support each, made the following findings: The last block-making machine was installed in the building in 1937. In the process of making a block, a loud clanking noise, as of steel upon steel, is heard and the vibration therefrom is transmitted to plaintiffs' houses, which have been damaged thereby, through the cracking of plaster and cellar walls. Porch pillars have been put out of line. The vibrations emanating from the machines shake and rattle doors, utensils, chinaware, bric-a-brac and radiator covers in

plaintiffs' homes. It disturbs them in their sleep and prevents the peaceful and comfortable enjoyment of their dwellings. In addition, dust, sand and grit from the plant penetrate their houses.

When complaint was made to Rennekamp of the nuisance he had created, he informed some of plaintiffs that the plant would be removed. He has not complied with this undertaking.

The chancellor summed up his conclusions with the statement that the concrete block-making plant as located, and as at present and for sometime in the past operated, is offensive to plaintiffs, invades their right to peace and comfort in their homes, and amounts to a continuous, progressive, cumulative, private nuisance, which is becoming more acute. He granted a permanent injunction. He was fully warranted in so doing: *City of Bethlehem v. Druckenmiller*, 344 Pa. 170, 25 A.2d 190.

Appellant's alleged errors are: (1) The bill alleges a public nuisance. Even if it does, there are averments in it which cover a private one. Originally there was an individual plaintiff; others became such parties by amendment. Alleging a public nuisance and proving a private one does not defeat the proceeding: *Heinl v. Pecher*, 330 Pa. 232, 237, 238, 198 A. 797. (2) Under the terms of the bill, plaintiffs had to show particular loss or damage beyond that suffered by others. Under the proofs, plaintiffs established particular injuries, if that were necessary to sustain the proceeding: *Heinl v. Pecher*, supra. (3) This not being a nuisance per se, the fact of nuisance had to be first established by an action at law, before equity can operate. Our rulings are otherwise, where the nuisance is clear and the rights of complainant not doubtful: *Carnegie Boro. v. Railway Co.*, 234 Pa. 472, 83 A. 364; *Krocker v. Westmoreland Planing Mill Co.*, 274 Pa. 143, 117 A. 669. (4) The business being lawful, and furnishing employment to a number of persons, it should not be enjoined. Being carried on in a purely residential neighborhood, under the clearly proven fact

of nuisance operation, the matter of employment plays no part, particularly as plaintiffs did not come to the nuisance, but it was set up after they acquired their homes: *Quinn v. American Spiral Spring & Mfg. Co.*, 293 Pa. 152, 141 A. 855; *Green v. Sun Co.*, 32 Pa. Superior Ct. 521.

This is not such a case as *Elliott Nursery Co. v. Duquesne Light Co.*, 281 Pa. 166, 126 A. 345, cited by appellants. There, the business sought to be enjoined was "necessary to be carried on for the public weal."

The decree is affirmed at appellants' cost.