## Liddell et al. v. Swarthmore Swim Club et al.

*James N. Robertson*, for plaintiffs.

*A. Sidney Johnson* and *Guy G. deFuria*, for defendants.

SWENEY, P. J., December 9, 1954.—Plaintiffs, property owners and residents of Swarthmore Borough, have filed their bill to enjoin the Borough of Swarthmore, the borough council and officers thereof and the Swarthmore Swim Club, a nonprofit corporation, incorporated for the purpose of erecting, maintaining and operating a swimming pool in the borough, and to prevent the erection of the pool.

The bill, as filed, recites that plaintiffs are property owners in the immediate vicinity of the property where it is proposed to erect the swimming pool; that the operation of a swimming pool at this place in the borough will interfere with plaintiffs in their proper use and comfortable enjoyment of their homes in that (a) there will be great increase in the traffic upon the streets; (b) parking in the streets by users of the pool will be a hazard; (c) there will be noise and confusion; (d) the lights at the pool will shine into and upon the properties and homes of plaintiffs, and (e) the value of their properties will be decreased in value; that the neighborhood in which plaintiffs reside and in which the pool is to be erected is a residential neighborhood and is so zoned by the Zoning Act of the Borough of Swarthmore; and that said swimming pool will be a nuisance per se; plaintiffs pray that the borough authorities shall be enjoined from granting the necessary permits and that the swim club be enjoined from erecting the swimming pool.

Defendants, Borough of Swarthmore, and the council and officers thereof have answered and say that

the pool will not be a nuisance, that such an enterprise is allowable under the zoning code of the borough, which permits recreation in residential areas.

Defendant corporation, Swarthmore Swim Club, answers and says that the tract, under contemplation for the purpose of erecting, maintaining and operating a swimming pool, is adjacent to the Pennsylvania Railroad Company, where passenger and freight trains pass daily and nightly; that the pool in question is to be conducted as a private club and not for profit; that there will be no parking in the streets by users of the pool, as sufficient parking space on the grounds will be provided; that the swimming pool is not a nuisance per se and will not be a nuisance in fact; that such a pool is permitted under the zoning code of the borough; that, although it is admitted that the pool property is in a residential zone, there is in existence and use a large playing field, used and operated by the school district, also adjacent to the Pennsylvania Railroad and across Riverview Avenue from the property of defendant. This defendant prays that the bill shall be dismissed.

From the pleadings herein filed and the testimony taken upon final hearing, we make the following

*Findings of Fact*

1. Plaintiffs are all titled owners of residence properties which abut and face on Riverview Avenue, in the Borough of Swarthmore.

2. The properties of Brinton L. Liddell and Eleanor L. Liddell, his wife; Wesley J. Simon and Patricia A. Simon, his wife; Robert M. Lachman and Leatha R. Lachman, his wife; Wilbur Norman Anderson and Marian Orr Anderson, his wife, abut the property on which defendant, the Swarthmore Swim Club, plans to erect its swimming pools, bath houses and parking area.

3. The area of Riverview Avenue, in the borough, is a high type residential district.

4. The Riverview Avenue area is presently a quiet residential district.

5. Riverview Avenue is presently a street which runs from Baltimore Pike, on the north, and dead ends at the right of way of the Pennsylvania Railroad Company, on the south, is 25 feet from curb to curb, paved with macadam, and, of sufficient width to enable only one car to proceed thereon, if cars are parked on both sides of the street.

6. The property, upon which the Swarthmore Swim Club proposes to build its swimming pool, bath houses and parking area has a frontage on the east side of Riverview Avenue of about 200 feet; it extends east along the right of way of the Pennsylvania Railroad on the south and along the line of premises No. 203 Riverview Avenue on the north about 270 feet; extending in width (behind premises No. 203, 205, 207 and 209 Riverview Avenue) about 300 feet, it extends thence to the line of Springfield Township the further approximate distance of 340 feet, the rear line of said property containing along the line of said township about 540 feet, with a total area of about four and one-half acres.

7. Defendant, the Swarthmore Swim Club, plans to build on the property as described above, an "L" shaped swimming pool, 150 feet by 75 feet, a wading pool 30 feet by 15 feet, a parking area for 56 cars, and a bath house 74 feet by 20 feet.

8. Defendant, the Swarthmore Swim Club, plans to build a "sunning" and "picnic area" upon said property.

9. The overflow drain from defendant's contemplated swimming pool is planned to drain into a stream which passes through properties of certain of plaintiffs.

10. Defendant, the Swarthmore Swim Club, plans to have an initial membership of 500 families, and asserts that the present membership is 441 families.

11. Defendant, the Swarthmore Swim Club, plans to admit paying guests of members and nonmember users.

12. The members of defendant, the Swarthmore Swim Club, plan to use automobiles for transportation in coming to and from the pool.

13. Defendant, the Swarthmore Swim Club, plans to use sound amplifiers, loudspeakers, musical devices and flood lights in connection with the operation of the pool.

14. Defendant, the Swarthmore Swim Club, would not be prohibited by law, ordinance or restriction from selling and disposing of said property to other owners.

15. On May 12, 1954, a building permit was issued by the proper authorities of the Borough of Swarthmore to the Swarthmore Swim Club to erect the proposed swimming pool, parking space, dressing rooms and "sunning" or "play" area.

16. Plaintiffs and their witnesses were attracted to their present homes by reason of its character, as an area in which to raise their families.

17. Other residents in this area are members of the Swarthmore Swim Club.

18. The use and operation of a private, nonprofit swimming pool is not a nuisance per se.

19. The proposed use of the property by defendant, the Swarthmore Swim Club, will not necessarily lower the value of the surrounding and proximate properties.

20. The use and operation of a commercial swimming pool, in the location sought to be used by defendant, the Swarthmore Swim Club, would be a nuisance per se.

21. In the use, operation and enjoyment of the proposed swimming club by defendant, the Swarthmore

Swim Club, the court must impose certain regulations, rules and restrictions which will assist plaintiffs in the peaceful and tranquil use of their homes.

22. A nonprofit, private swimming club may operate a swimming pool in a residential neighborhood under the terms of the zoning code of the Borough of Swarthmore.

### Discussion

It is understandable that a controversy should arise in this matter. The district in question is a high type residential district, bounded on the north by Baltimore Pike, a heavily travelled artery, on the south by the West Chester-Media branch of the Pennsylvania Railroad and on the east by the Township of Springfield. Over the borough line, in the Township of Springfield, there is a new development of single homes, but the individual home there is not as expensive as the Riverview Avenue development.

Riverview Avenue dead-ends at the railroad and it is hardly likely that any homes will be built closer to the railroad than the homes at present existing. The land proposed for the swimming pool and the athletic field of the Swarthmore School District are the only pieces of any size left in this district. The athletic field comprises about three acres and the land of the proposed swimming pool about four and one-half acres.

It must be born in mind that the zoning ordinance of the borough gives residents the right to build recreational facilities in a residential area. Athletic recreational use expressly mentions swimming pools. The borough secretary and building inspector, on May 12, 1954, granted to the Swarthmore Swim Club a building permit to construct a swimming pool with accessory buildings. No appeal was taken from this action of the building inspector to the board of adjustment.

It must also be noted that the Swarthmore Swim Club was duly incorporated by this court on March 1, 1954, and that, in the articles of incorporation, the following purposes were set forth:

(a) To construct, finance, lease, own and operate athletic, recreational and educational facilities of all kinds, including without limitation a swimming pool and associated equipment.

(b) To make readily available to the members, their immediate families and guests, safe and clean swimming and recreational facilities.

(c) To maintain a club for social enjoyments of a moral, educational and legal nature.

Before the permit was issued in this matter, the Swarthmore Swim Club executed an agreement with the Borough of Swarthmore on May 11, 1954, which agreed, in part, that the pool "shall be and remain private in nature, for the exclusive use of the members of The Swarthmore Swim Club and their duly authorized guests. The facilities shall not be open for the use of the general public on any admission fee or other commercial basis."

The agreement further provided for the regulation of parking, traffic and the planting of shrubbery.

The swim club also agreed to take measures reasonably designed to prevent unnecessary noise or disturbance, to provide adequate parking space and regulate the same, and that any sound amplifiers and the like shall be operated so as to prevent unreasonable annoyance to residents and conform to certain specified borough ordinances; that flood lights shall as far as possible not cause glare as an annoyance to neighbors, and that all exterior gates and doors shall be locked whenever the facilities are not occupied.

We are concerned here with a private swimming pool, to be operated by a nonprofit corporation in a residential district. Counsel has not presented to us

any case in Pennsylvania directly on this point and we have been unable to find one in our research.

The leading case of Edmunds et al. v. Duff et al., 280 Pa. 355 (1924) was a case from this county, where the court enjoined the building of an amusement park, in the nature of Willow Grove Park, in the residential area of Millbourne. The court, in finding that the area was residential, said, in part:

"No man has the right to take from another the enjoyment of the reasonable and essential comforts of life and, consequently, cannot commit acts on his own premises calculated to interfere with the reasonable enjoyment by others of their homes. Even music, however elevating and enjoyable at times (the defendants had stated their amusement plan was built around good music) and depending of course, on its character, may be continued so long as to become an annoyance to those compelled to remain in the immediate vicinity. In fact, the general trend of decisions has been to hold that any noise, whether of musical instruments or the human voice, or by mechanical means, or however produced, may be a nuisance especially if its tendency is to draw together in the vicinity of a person's residence or place of business large crowds of noisy and disorderly people. . . . Where, as here, the question is one of interference with the enjoyment of private homes by reason of noises, attraction of large crowds, or the operation of a business or industry tending to render the immediate community a less desirable place in which to live, the resulting injury is such as necessarily affects practically all persons who happen to be living in the immediate neighborhood and are nearest to the source of annoyance and this necessarily secures to them rights they have a standing in equity to protect."

The converse of this doctrine is expressed in the case of Sprout v. Levinson et al., 298 Pa. 400, 403:

"An owner of property has the right to employ his property, barring malice and negligence, for all legitimate purposes, unless he conducts his business in disregard of the rights of his neighbors, and prevents the reasonable enjoyment of their own land or buildings constructed thereon. The mere fact that the adjoiner is subjected to some annoyances furnishes no ground for relief where he resides in a commercial district."

We feel that the distinction which we must draw here is that business in a residential area will be enjoined as a nuisance per se but enterprises which can contribute to the health and happiness of a community will not be enjoined, unless it appears, as a fact, that a nuisance is being committed. Our courts have held that a parking lot, operated for profit, in a residential area will be restrained: Todd v. Sablosky, 339 Pa. 504 (1940); a garage and filling station: Richard v. Weiser, 329 Pa. 203 (1938); an incinerator, Heinl v. Pecher, 330 Pa. 232 (1938), and an outdoor movie: Anderson v. Guerrin, 346 Pa. 80 (1943), have all been declared a nuisance in a residential district. In the case of Hannum v. Gruber, 346 Pa. 417, the court permitted operation of a dry cleaning establishment in an area, which was part residential and part commercial; in the case of Essick v. Shillan, 347 Pa. 373, the court permitted the erection of a super market; and in Rick v. Cramp, 357 Pa. 83, an undertaking establishment was permitted upon a showing that the residential area in question was slowly becoming commercialized.

We are fully aware of the law that an anticipated nuisance may be enjoined. McKees Rocks Borough v. Rennekamp Supply Co., 344 Pa. 443 (1942), but the injury must be actually threatened and not merely anticipated: Swartz v. Griswold Mtg. Co., 31 Del. Co. 34 (1941).

We are of the opinion, therefore, that the contemplated swimming pool, although in a residential neighborhood, is not a nuisance per se; that it might well be one, if operated for profit, using all of the methods to attract crowds of people, which must be used if a business is to show a profit; that plaintiffs cannot be heard to say that they purchased their homes without knowledge that the zoning ordinance gave the right to build a swimming pool, as a recreation center, in a residential area and that plaintiffs could well have appealed the issuance of the building permit.

However, we are mindful of a pool in the Borough of Morton, this county, that for many years was a private pool on a private property in a residential neighborhood and which fell into the hands of an owner, who turned it into a public pool, with all of the attractions, special events, ballyhoo and associated amusements contemplated to draw crowds and to guarantee a profit. When the neighbors awoke, they found they were too late and that must not happen here.

As a consequence, we will not issue the requested injunction in this matter, but neither will we dismiss the bill. We feel that certain restrictions and regulations must be here imposed and we will hold this bill so that these restrictions and regulations may be enforced.

### Conclusions of Law

1. The court has jurisdiction of the parties and of the subject matter.

2. The zoning ordinance of the Borough of Swarthmore permits the erection and operation of a swimming pool in a residential neighborhood as a recreational facility.

3. The building inspector of the Borough of Swarthmore had legal authority to issue the permit to the Swarthmore Swim Club for the erection of a swim-

ming pool and the necessary buildings to be used in connection therewith.

4. A swimming pool, with necessary buildings, parking space and "play" or "sunning" area, on Riverview Avenue, in the Borough of Swarthmore aforesaid, is not a nuisance per se.

5. A preliminary injunction hereinbefore issued by this court must be dissolved.

6. This bill will be dismissed as to the Borough of Swarthmore and the members of council and officers thereof.

7. This bill will be retained as to the Swarthmore Swim Club for the purpose of enforcing the regulations and restrictions, which shall be made part of the decree nisi.

8. The agreement between the Swarthmore Swim Club and the Borough of Swarthmore, dated May 11, 1954, constitutes a valid and binding contract, the terms of which will govern the operation of the swimming pool.

9. The parties hereto shall each pay their own costs.

### Decree Nisi

And now, December 9, 1954, it is ordered and decreed that:

1. The bill herein filed is dismissed as to defendants, Thomas W. Hopper, Birney K. Morse, Henry Wood, J. Roy Carroll, Jr., Frank H. McCowan, Walter H. Nason and Ambrose H. Van Allen, members of council of the Borough of Swarthmore; Elliott Richardson, secretary and building inspector of the Borough of Swarthmore.

2. The bill herein filed is maintained as to defendant, Swarthmore Swim Club; the prayer for an injunction is refused; the Swarthmore Swim Club may erect, construct, maintain and operate a swimming club, with pools, buildings, parking lot and "play" or

"sunning" area upon the tract of land situate on the east side of Riverview Avenue, in the Borough of Swarthmore aforesaid, adjacent to and adjoining the Pennsylvania Railroad Company on the south and the Township of Springfield on the east, under and subject to the following conditions, regulations and requirements:

(a) The property, with its appurtenances, shall not be disposed of, sold, or otherwise alienated for any other recreational or business purpose than a private swimming pool.

(b) The membership of the Swarthmore Swim Club shall consist of no more than 400 families; Swarthmore families shall be given preference in such memberships.

(c) The entire premises shall be enclosed with a cyclone fence, with appropriate safeguards, to prevent the entrance of persons, particularly children, when the pool is not in operation.

(d) In winter, when the pool is not in use, it shall be drained of all water.

(e) There shall be no parking on the public streets by users of the pool; adequate parking facilities for automobiles shall be provided by the club upon its own property.

(f) A public address system shall not be used upon the club premises; radios, television and other sound machinery shall be controlled in volume so that the sound thereof shall be confined to the club property.

(g) Flood lights, if used, shall be so erected that the light therefrom shall not shine upon the properties of the neighbors.

(h) The swim club shall close each night not later than 10 p.m.

(i) When said premises is closed, all outside gates and doors shall be securely locked.

3. The parties hereto shall each pay their own costs.

And the Prothonotary of Delaware County is directed to notify all parties hereto or their counsel of record of the filing of the foregoing findings of fact, conclusions of law and decree nisi and, unless exceptions are filed within 20 days after receipt of such notice, the decree nisi shall be entered as the final decree in this case.